TERRELL, Justice.
Respondent is a member of The Florida Bar, subject to the disciplinary provisions, Integration Rule of The Florida Bar as approved by the Supreme Court of Florida March 4, 1950, and subsequently amended, 31 F.S.A.
December 7, 1960, pursuant to the Integration Rule, The Florida Bar filed complaint charging respondent with professional misconduct, in that thirty informations were filed in the office of the Clerk of the Criminal Court of Record in and for Orange County, Florida, charging respondent with embezzlement and grand larceny and that subsequently seventeen additional informations were filed against respondent in the office of said Criminal Court of Record of Orange County, charging respondent with forgery and uttering forgery. Upon arraignment for trial on said charges, respondent entered pleas of guilty to each and all said charges and on March 11, 1960, respondent was sentenced to the state penitentiary for a period of four years.
By reason of the acts so charged, the complaint charged respondent with the violation of Rules 27, 28 and 30 of the Rules Governing the Conduct of Attorneys in Florida, 31 F.S.A. Upon service of the complaint on respondent, he pleaded guilty to the charges set out in the complaint and waived his right to appear before the referee appointed by this court to hear the charges against respondent.
Upon trial and investigation of the said charges, the referee found that respondent was convicted in Criminal Court of Record in Orange County on said charges of embezzlement and grand larceny and of forgery and uttering forgery. The referee further found that respondent’s wrongdoing occurred during his employment as an insurance adjuster and not as a practicing attorney.
The referee recommended that respondent be disbarred. The Board of Governors of The Florida Bar has approved the findings of fact and recommendation of the referee and upon consideration thereof ordered and adjudged that Walter E. Clements, the respondent, was guilty of unprofessional conduct as charged in the complaint and he is hereby disbarred from the practice of law in Florida.
The record, the report of the referee and the judgment of the Board of Governors of The Florida Bar have been examined by this court. It Is Ordered that the judgment of the Board of Governors of The Florida Bar dated April 27, 1961, that respondent is guilty of unprofessional conduct as charged and that he is disbarred from the practice of law in Florida pursuant to Rules 27, 28 and 30 of the Rules Governing the Conduct of Attorneys in Florida be, and the same is, approved and adopted as the judgment of this court.
THOMAS, C. J., and HOBSON, THOR-NAL and O’CONNELL, JJ., concur.